## BEAN *vs.* WELLS and RENWAY.

W. obtained goods from the plaintiff, on credit, upon the representations of R. that he, W., was responsible, and worthy of credit, and owed very little, if any thing. At the time of the sale and delivery of the goods, W. was insolvent and R. knew it. R. himself had a judgment for $1000 against him, docketed one month previous to the sale. On this judgment R. caused an execution to be issued, and levied upon the goods so obtained from the plaintiff, before they reached the store of W. *Held* that for these false and fraudulent representations R. was liable to the plaintiff for the value of the goods sold to W.

A PPEAL from a judgment entered upon the report of a referee. The action was brought to recover the value of goods

Wells *v.* Renway.

sold by the plaintiff to the defendant Wells, upon fraudulent representations alleged to have been made in regard to his credit and responsibility, by the defendant Renway. The referee found the following facts. That in the early part of August, 1851, the plaintiff, at the city of New York, sold and delivered to the defendant Edward Wells, merchandise to the amount of $258.56, on a credit of six months, for which he took said Wells' promissory note. That the order for them was received and the bill thereof dated the 30th day of July, 1851, but the goods were not delivered till some time in August, 1851. That the delay in the delivery of the goods grew out of the plaintiff's doubt and hesitancy about the responsibility of said Wells. That he was finally induced to sell and deliver the goods to Wells by the representations of the defendant Renway, that he (Wells) was good and responsible to the extent of $800, to $1000. That he was a prudent and careful man, worth $2000 to $3000, and owed very little if any thing, and that he was every way responsible and worthy of credit. That at the time of such sale and delivery, Wells was considerably in debt, and was in fact insolvent, and that the defendant Renway knew it; and that among other debts owing by Wells, at the time of this sale, was a judgment docketed against him on the 30th day of June, 1851, one month before the sale, in favor of the defendant Renway, for $1000 and costs, and on which judgment Renway caused an execution to be issued and levied upon the same goods so sold and delivered by the plaintiff to Wells, on their arrival at Whitehall, and before they reached the store of said Wells. That such representations on the part of the defendant Renway were false and fraudulent, and were designed to induce, and did induce, the sale and delivery aforesaid. And the referee found and decided as matter of law, that the plaintiff was entitled to judgment against both defendants for said sum of $258.56, and interest thereon, besides costs; for which amount judgment was entered.

---
Palmer *v.* Smedley.
---

*A. T. Bush,* for the appellant.

*John Fitch,* for the plaintiff.

*By the Court,* SUTHERLAND, J. The defendant Wells in this action was not served with the summons. There is a good cause of action stated in the complaint, against the defendant Renway, to which he appeared and answered, and the issue was referred to A. K. Hadley, Esq. who reported in favor of the plaintiff. The report of the referee, and the judgment entered thereon, were abundantly justified by the law and the evidence.

The evidence in the case, to which no objection was made, appears to us to have been amply sufficient to authorize the conclusion to which the referee arrived; and we are at a loss to see upon what ground the defendant Renway expected us to set aside the report of the referee and reverse the judgment.

The judgment entered on the report of the referee must be affirmed, with costs.

[NEW YORK GENERAL TERM, November 4, 1858. *Davies, Clerke* and *Sutherland,* Justices.]