Viele *v.* Goss.

---◆---

## VIELE and others *vs.* GOSS.

Though an individual is not obliged to answer inquiries in respect to the solvency of a third person, yet, having undertaken to do so, he is bound by every consideration of fairness and honesty, as well as by law, to speak truthfully, and is not at liberty to suppress a fact within his own knowledge, bearing materially upon the pecuniary responsibility of such third person.

Where the defendant, on being inquired of by the plaintiffs in regard to the solvency of another, omitted to state in his reply, the fact that the latter was largely indebted to him, at the time, and alluded to his indebtedness in such a manner as would naturally have the effect to quiet any apprehension on that subject, and produce the impression that it was quite inconsiderable; and within a few months the indebtedness of such third person to him ripened into a judgment which absorbed the entire property of the debtor; and it was shown that had the extent of such debtor's liability to the defendant been stated, credit would have been refused to him by the plaintiffs; *Held* that the defendant was liable to the plaintiffs for the value of goods sold to such third person, on the strength of the defendant's representations.

THIS is an appeal by the defendant from a judgment entered in favor of plaintiff for $1956.90, upon a report of a referee.

*H. V. Howland,* for the appellant.

*W. L. Learned,* for the respondent.

Viele *v.* Goss.

·*By the Court,* INGALLS, J.   The plaintiff prosecutes this action to recover the amount of sundry bills for goods sold and delivered to one Ebenezer B. Belcher, upon the recommendation of the defendant in regard to the responsibility of said Belcher.   The plaintiffs relied principally upon a letter addressed by the defendant to Edwin D. Woodruff, one of the plaintiffs, in answer to certain inquiries in reference to the solvency of said Belcher, and with a view to establish his credit.   The facts are very fully found by the referee, and need not be repeated in this opinion.   From a careful examination of the evidence we are satisfied that the referee has reached a correct conclusion in regard to the facts, and that he has correctly applied the law thereto.   The letter addressed by the defendant to Woodruff, under date of 22d March, 1861, was well calculated to inspire confidence both in regard to the pecuniary responsibility of Belcher, and as to his business capacity and integrity.   The defendant was not obliged to make any representations, but having undertaken to do so, was bound by every consideration of fairness and honesty, as well as by law, to speak truthfully, and was not at liberty to suppress a fact within his own knowledge bearing materially upon the pecuniary responsibility of Belcher.   That he did, by omitting to state in his letter the fact that at the time, Belcher was largely indebted to him.   The suppression of truth is often quite equivalent to the utterance of falsehood, and not unfrequently more mischievous in its consequences. The manner in which the indebtedness of Belcher is alluded to in the letter would naturally have the effect to quiet any apprehension on that subject, and produce the impression that it was quite inconsiderable.   That the omission to state the extent of Belcher's liability to the defendant was important, appears from the positive evidence of one of the plaintiffs that if it had been stated credit would have been refused. And such evidence is confirmed by the fact that within a few months the indebtedness of Belcher to the defendant ripened

into a judgment which absorbed the property of Belcher. Again : the statement in regard to Wiley's becoming a partner of Belcher, and thereby adding materially to the capital of the firm, could have no other effect than to create confidence, and induce a credit. We cannot avoid the impression produced by the letter, and the promptness with which the defendant collected his debt of Belcher, that the defendant favored the credit for the purpose of bringing within his own reach the property which should be acquired by Belcher from the plaintiffs, and thereby secure his own debt against Belcher. The referee has properly applied the law to the facts of this case. (*Allen* v. *Addington,* 7 *Wend.* 10. *Craig* v. *Ward,* 36 *Barb.* 377. *Zabriskie* v. *Smith,* 13 *N. Y. Rep.* 322. *Bean* v. *Wells,* 28 *Barb.* 466. *Bennett* v. *Judson,* 21 *N. Y. Rep.* 238. *Brown* v. *Montgomery,* 20 *id.* 287.)

We do not think an error was committed by the referee which calls for a reversal of the judgment, by admitting the letter addressed by the defendant to Morrison. In actions of this character great latitude of examination is allowed, with a view to arrive at the intention of the party in regard to the alleged fraud. (*Hall* v. *Naylor,* 18 *N. Y. Rep.* 588. *Cary* v. *Hotailing,* 1 *Hill,* 311. *French* v. *White,* 5 *Duer,* 254.)

Again : if that evidence was stricken from the case there would still remain quite sufficient to support the decision of the referee, and we can hardly assume that the result would have been different if this evidence had been excluded. (*Woodruff* v. *McGrath,* 32 *N. Y. Rep.* 255. *The People* v. *Gonzalez,* 35 *id.* 49. *The City Bank of Brooklyn* v. *Dearborn,* 20 *id.* 244. *Forrest* v. *Forrest,* 25 *id.* 510. *Marcly* v. *Shults,* 29 *id.* 356.)

The judgment should be affirmed.

[ALBANY GENERAL TERM, May 6, 1867. *Peckham, Ingalls* and *Hogeboom,* Justices.]