JOHN FRISBEE and others, Appellants, *v.* PATRICK
FITZSIMONS and another, Respondents.

*False representations — Intent — from what inferred — Stipulation — power of court to set aside.*

This action was brought to recover the damages sustained by the plaintiffs, by reason of false representations made by the defendants as to the solvency of the firm of M. & A. The judge charged the jury that the plaintiffs could not recover unless the representations were made with intent to deceive, or unless the defendants designedly concealed facts from the plaintiffs, which it was important for them to understand in order to form an intelligent conclusion concerning the probable pecuniary ability of the firm. *Held,* that the charge was correct.

The intent to deceive may be inferred from the fact that the person making the representations knew them to be false, or had no reason to believe them to be true.

The court, at the trial, cannot set aside a stipulation entered into by the parties

* Dwight v. St. John, 25 N. Y., 203; Embury v. Connor, 3 Com., 511, 522.

· to the action, on the ground that statements contained in the affidavits, allowed to be read as evidence under its provisions, are untrue; this can only be done upon a motion to be made at the Special Term.

APPEAL from a judgment in favor of the defendants, entered upon the verdict of a jury.

*H. F. Hatch,* for the appellants. One who, without knowledge of its truth or falsity, makes a material misrepresentation, is guilty of fraud, as much as if he knew it to be untrue. (Story on Con., 506; *Bennett* v. *Judson,* 21 N. Y., 238; *Wakeman* v. *Daly,* 44 Barb., 502; *Galoupeau* v. *Ketchum,* 3 E. D. Smith, 175; 1 Story Eq., § 193, cited in 21 N. Y., *supra; Sharp* v̇. *Mayor,* 40 Barb., 266; *Marsh* v. *Falker,* 40 N. Y., 573.) It is not essential that the false representations were the sole inducement of the sale; if they contributed to it, the defendant is liable. (*Addington* v. *Allen,* 11 Wend., 381; *Hubbard* v. *Briggs,* 31 N. Y., 532.) If, without knowing that it is not true, a party takes upon himself to make a representation to another, upon the faith of which that other acts, no doubt he is bound, though his mistake was perfectly innocent. (*Binnard* v. *Spring,* 42 Barb, 477; *Clapton* v. *Cozart,* 13 Smedes & Mar., 363; *Marsh* v. *Falker,* 40 N. Y., 573; *Weed* v. *Case,* 55 Barb., 535; *Sharp* v. *Mayor,* 40 id., 266; 2 Pars. on Con., 785; 1 Story Eq., § 193.) Good faith requires that the existence of debts owing to the representing party by the parties that he calls worthy of credit, should be disclosed. (*Zabriskie* v. *Smith,* 13 N. Y., 331; *Viele* v. *Goss,* 49 Barb., 98; approved in 40 N. Y., 573; *Brown* v. *Montgomery,* 20 N. Y., 287.) The plaintiffs having been misled by false statements in the affidavits, the stipulation made on the faith thereof is void for fraud in its procurement. (*Willink* v. *Vanderveer,* 1 Barb., 599; *United States* v. *Tingey,* 15 Peters, 578; *Reigal* v. *Wood,* 1 John. Ch., 236; *Warner* v. *Blakeman,* 4 Keyes, 487.) The court will relieve from the stipulation even up to the last moment upon the trial itself, when it appears that the instrument was fraudulently obtained. (*Thomson* v. *Graham,* 1 Paige, 384; *Dobson* v. *Pearce,* 12 N. Y., 165.)

*John D. Kernan,* for the respondents.

DANIELS, J. :

This action, as it was tried, was for the recovery of damages occasioned to the plaintiffs by means of misrepresentations made by the defendants, concerning the solvency of Maxwell & Atwood. The court submitted it to the jury, on the theory that the plaintiffs' right to recover depended upon the fact that the representations were made to deceive them, or else that the defendants designedly concealed facts from them, which it was important for them to understand, in order to form an intelligent conclusion concerning the probable pecuniary ability of that firm. As the law is now well settled, the plaintiffs had no right to require a more favorable statement of the principles on which their claim was legally dependent.* And they did not do so, but simply excepted to what had been said, in reference to the necessity of an intent to deceive, in order to enable the plaintiffs to maintain their action. That intent may well be inferred from representations, either known to be false by the person making them, or which he may have no reason to believe to be true.

A stipulation was made in the case, allowing the defendants to read in evidence certain affidavits used on a motion to change the place of trial. These affidavits stated, in substance, that the firm of Maxwell & Atwood did have sufficient property to pay their debts, when the defendants recommended them as worthy of credit. The court referred to the admission, as one relating merely to their real property. In that it was in error, and it would no doubt have been at once corrected, if the counsel had suggested the mistake. That was not done, but an exception was taken to what the court had said in reference to the stipulation without in any manner indicating the inaccuracy complained of. This was not sufficient to present the point now urged by the plaintiffs' counsel.

Proof that the plaintiffs would not have sold to Maxwell & Atwood, if they had known of assignments by them to the defendants, was properly excluded, as long as no such assignments had then appeared to have been made. That fact should have been first shown, to have rendered the answers proper.

* Viele v. Goss, 49 Barb., 96; Marshall v. Gray, 57 id., 414; Robinson v. Flint, 58 id., 100; Hubbard v. Briggs, 31 N. Y., 518, 529; Marsh v. Falker, 40 id., 562; Meyer v. Amidon, 45 id., 169; Oberlander v. Spiess, id., 175.

The court, at the trial, could not strike out the stipulation, even if the statements made in the affidavits appeared, in some respects, to be untrue. That might have been good ground for a motion at Special Term to be relieved from the stipulation, but it formed no part of the trial of the action.

At the close of the evidence, an application was made by the plaintiffs for the court to direct a verdict in their favor. The facts of the case were too much in dispute, to justify a compliance with that request. The plaintiffs' right to recover depended upon contested matters of fact, rendering it the appropriate province of the jury to decide the dispute in the case. It was fairly submitted for that purpose, and the judgment should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.