Cropsey, J.
This is a novel action. But that of itself is no reason for turning the plaintiff out of court and denying him relief. Kujek v. Goldman, 150 N. Y. 176. The plaintiff seeks and has recovered a verdict giving him damages caused by his arrest and prosecution upon a criminal charge. He contends that the defendant is responsible in law for these damages. The facts as the jury must have found them to be are as follows: The plaintiff and defendant had been friends for years when the defendant sent certain goods to the plaintiff’s place of business, which the defendant asked the plaintiff to keep for him; the defendant told the plaintiff they were his goods though in fact they were not, for he and others had stolen them; the plaintiff did not know they were stolen and kept the goods some days, when the defendant re *439 moved them; later the plaintiff was arrested, charged with the theft of the goods and with the crime of having criminally received them; the defendant concealed from the plaintiff the fact that the goods were stolen; the plaintiff’s arrest and prosecution were brought about solely by reason of his possession of the goods, as stated.
The question is whether upon these facts the plaintiff was entitled to a verdict. It is a general rule long recognized in law that fraud or deceit accompanied with damage gives rise to a good cause of action. This has been the rule from very early times and has been applied to many different situations. 20 Cyc. 14; Pasley v. Freeman, 3 T. Rep. 51; Burrows v. Rhodes, 1 Q. B. (1899) 816; Upton v. Vail, 6 Johns. 181; Addington v. Allen, 11 Wend. 374, 402, 403, 408, 409; Barney v. Dewey, 13 Johns. 224; Bean v. Wells, 28 Barb. 466; Hubbard v. Briggs, 31 N. Y. 518; Kueling v. Roderick Lean Manufacuring Co., 183 id. 78, 84; Laska v. Harris, 215 id. 554, 557; Chester v. Dickerson, 52 Barb. 349, 358; Kujek v. Goldman, 150 N. Y. 176. In the Chester case, above cited, the liability was held to arise from the placing of oil on land for the purpose of making a prospective purchaser believe that oil wells were there located. And in the Kujek case the liability was held to arise from the false representation that a woman was virtuous, which resulted in the plaintiff marrying her, when the defendant knew that she was not, she being then pregnant by him. So in the present case the representation by the defendant to the plaintiff that he owned the property, when he knew he did not and when in fact he had stolen it, made for the purpose of inducing the plaintiff to become a gratuitous bailee of it, resulting, as it did, in the plaintiff’s damage, entitled him to the jury’s verdict.
The defendant upon this motion does not dispute *440 the correctness of the general proposition • of law, above stated. He makes three contentions, namely, that there is no allegation that the false representation was made to deceive the plaintiff; that it was not the direct and proximate cause of the injury sustained, and that there is no proof that the plaintiff relied upon it. The plaintiff testified that the defendant told him the goods were his and he never knew the contrary until after the trouble, when for the first time he learned that they had been stolen. The jury has found that the damage to the plaintiff was the direct result of the false representation which induced the plaintiff to take and keep the goods. And there is ample justification for this conclusion. Of course it is not contended that the defendant had in mind that such a result would follow. But that is not necessary. He did misrepresent the fact of ownership to the plaintiff and so got the plaintiff to take possession of the goods, upon which fact alone a prima facie case of larceny or receiving was made out. The plaintiff’s arrest and prosecution for having had possession of these goods followed naturally therefrom. A person may be liable for damages for fraud or deceit although he does not intend to defraud any particular person and may not realize the exact consequences that will flow from his act. Williams v. Wood, 14 Wend. 126, 130-1; Morse v. Swits, 19 How. Pr. 275, 286; Chester v. Dickerson, 52 Barb. 349; Hickey v. Morrell, 102 N. Y. 454, 463.
The points now urged by the defendant were not raised upon the trial except the point that the false representations were not the direct cause of plaintiff’s injury. At the commencement of the trial, while there was a motion to dismiss made in general terms, defendant’s counsel stated that the particular point he was making was the one mentioned. And in support of *441 that point he apparently relied upon the belief that possession of stolen goods was not sufficient to warrant the police in arresting the person in whose possession they were. This was the only point made at the beginning of the case. At the close of the plaintiff’s case the defendant’s counsel again made a motion to dismiss in general terms and when asked for the grounds of his motion said that the proof failed to show that the defendant had represented the goods to be his, that no false representation had been proved, and that there was no proof that the goods were stolen or that the defendant knew they were stolen when he asked the plaintiff to store them for him, and that the damages were not directly due to the representation. These were the only grounds the defendant urged. He cannot now be permitted to advance other grounds which, had they been raised upon the trial, might have been obviated by proof or amendment.
But I believe the complaint as it is does state a good cause of action. It alleges that the defendant asked the plaintiff to keep the goods for him as a bailee without hire, and that he represented to the plaintiff that the goods were his, and that plaintiff, relying upon that representation, took possession of the goods, and that said representations made by the defendant were false and untrue, and were known to him to be false and untrue when he made them to the plaintiff, and in fact the goods had been stolen and the defendant was a party to their theft and wrongful disposal, and that in the furtherance of the plan to dispose of them the defendant made the false representations alleged, and that as a result plaintiff was arrested and damaged. This charges the defendant with having misrepresented the question of ownership for the purpose of enabling him to dispose of goods which he knew were stolen; that he made the misrepresentation deliber *442 ately and for the purpose of inducing the plaintiff to receive the goods. The defendant must be deemed to have intended the natural and necessary consequences of his acts, and as those acts were voluntary and necessarily operated to defraud others, he must be deemed to have intended to defraud. Coursey v. Morton, 132 N. Y. 556, 560. The intent to deceive must always be present where knowingly false representations are made to induce another to act and rely thereon and injury results from so doing. It is not always necessary to allege the legal conclusion of intent to defraud. That may be inferred from the other allegations. 20 Cyc. 35; Ochs v. Woods, 221 N. Y. 335, 338. Of course if the intention was to defraud a person out of specific property that might have to be alleged. Here that was not the charge. The motion for a new trial is denied.
Motion denied.