John- T. Casey, J.
The plaintiffs herein, as resident taxpayers, seek to enjoin the Troy City Council from taking any action pursuant to Local Law No. 1, enacted January 18, 1972, and to have its provisions declared unconstitutional, void and illegal insofar as this law amends section 6.02 of the Troy City Charter (Local Law No. 3 of 1959 of City of Troy; published in Local Laws of 1963, page 638 et seq.). That section presently vests the power of appointment of the Corporation Counsel in the City Manager. The amendment would remove this appointive power from the City Manager and place it in the City Council. The plaintiffs urge that such amendment, if permitted, would destroy- the present City Charter and, in effect enact a new one without resort to referendum procedures; change the working conditions of the City Manager in violation of paragraph j of subdivision 2 of section 23 of the Municipal Home Rule Law; result in administrative chaos and confusion by undermining the effectiveness of the City Manager; and necessitate further litigation.
It is beyond the power of this court to judge the enactment adopted by the City Council by any but a strict legally perniissible test. Even if the new local law were considered unreasonable and arbitrary, intervention by the court would not be permitted. (Humbeutel v. City of New York, 125 N. Y. S. 2d 198, affd. 283 App. Div. 1011, affd. 308 N. Y. 904.) Therefore, *958 whether the action of the Council reflects the will of the majority or not, is politically motivated or not, will help or hinder the administration of the city or not, are all questions that must be left to the decision of the Councilmen as the duly elected representatives of the people and the vote of the electorate at the next election.
The sole and simple issue to be resolved here is whether the Council had the power in law to do what it has done. The power of this court cannot reach one step beyond, at the risk of interference in the legislative process.
There is a presumption in favor of the constitutionality of a legislative enactment which applies as strongly to a municipal enactment as to one by the Legislature of the State. (Van Curler Development Corp. v. City of Schenectady, 59 Misc 2d 621.) One who attacks the constitutionality of the act of a lawmaking body bears the burden of establishing its invalidity beyond a reasonable doubt. (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 541.)
When the City Charter was adopted by the people it could have contained within its provisions various methods for its own revision or amendment. (Municipal Home Rule Law, § 11, subd. 2, par. a.) It did not. When it was adopted by the people, and even now, the only Charter provisions dealing with amendments are subdivision (b) of section 2.12 and section 2.26. The former, listed under powers of the City Council specifically grants the Council power “ To amend this charter by local law in accordance with the provisions of the city home rule law ” (now Municipal Home Rule Law). The latter provides that ‘ ‘ The city council may, by local law, amend any section of this charter, subject to such restrictions as are imposed by the city home rule law ” (now Municipal Home Rule Law). It is significant that the Charter itself gives the right of amendment only to the City Council as the duly elected representatives of the electorate, and not to any other officer. The obvious reason for this restraint is not only to recognize the legislative duties and obligations imposed on the Council but to place the legislative policy of the city in a group of elective officers (rather than appointive ones) whose actions are reviewable by and subject directly to the vote of the people of the city. It is significant also that the Charter itself (§ 3.00) did not create the office of City Manager an elective one, but rather, one that is appointive by and subject to the will of the Council. By so immunizing the office of City Manager from direct election by the people it restricted the power that might otherwise be his under the *959 Municipal Home Rule. (Municipal Home Rule Law, § 23, subd. 2, pars, c, b.)
The Charter (as it did when it was adopted) presently provides for the appointment of the Corporation Counsel “ by the City Manager for an indefinite term of office ”. (City Charter, § 6.02.) The question to be answered is whether and how the City Council can change that provision by Local Law No. 1 of 1972. Since any amendment must be “in accordance with the provisions of the City Home Rule Law ” (now Municipal Home Rule Law) the answer must be found therein.
Section 10 (subd. 1, par. a, subpar. [1]) of that law specifically grants to every local government, in addition to the power granted it in the Constitution, the Statute of Local Governments, or in any other law, the power to adopt and amend local laws relating to ‘1 the powers, duties, qualifications * * * mode of selection and removal, terms of office ^ * of its officers and employees ”, and in subparagraph (1) of paragraph c of subdivision 1 to a city [the power of] “ The revision of its charter or the adoption of a new charter by local law adopted by its legislative body pursuant to the provisions of this chapter and subject to the procedure prescribed by this chapter or by local law adopted pursuant to article four of this chapter. ’ ’ In brief, this section and its pertinent subdivisions allow a city to adopt local laws relating to the powers, duties, mode of selection and removal, terms of office and compensation of all of its officers and employees (Bareham v. City of Rochester, 246 N. Y. 140) as long as such law is not in conflict with the State Constitution nor inconsistent with the general laws of the State (Grimm v. City of New York, 56 Misc 2d 525; People v. Abelove, 54 Misc 2d 306), even if such local law revises its Charter, provided such local law is enacted subject to the procedures prescribed by the Municipal Home Rule Law. Specifically, possessed of the power to adopt such law by the cited provision, a determination of the procedures and restrictions prescribed under the Municipal Home Rule Law must be made.
Under section 11 of the Municipal Home Rule Law the only pertinent restriction is whether the local law amends the Charter of the city contrary to any provisions of such Charter regulating its own amendment. Since the Troy City Charter does not provide methods for its own amendment, no violation of the power is found in section 11.
Section 21 of the Municipal Home Rule Law requires approval of such law by the elective chief executive officer, if any. The City Manager herein is the chief executive but is not an elective officer.
*960 Section 23 provides for subjecting local laws to mandatory referendum if the local law (subd. 2, par. a) provides for a new charter for the city, or (subd. e) abolishes an elective office or changes the method of removing an elective officer, or (subd. f) abolishes, transfers or curtails any power of an elective officer, or (subd. j) in the case of a city, changes the working conditions of a city officer if such conditions have been fixed by State statute and approved by the vote of the qualified electors of the city. It has already been held that a local law changing duties from one department to another does not provide a new charter for the city so as to require a mandatory referendum. (Commission of Public Charities v. Wortman, 255 App. Div. 241, affd. 279 N. Y. 711.) Without deciding whether the original 12 proposed local laws would so drastically change the character of the- charter so as to constitute a new charter, the one law which simply changes the power of appointment of the Corporation Counsel from the City Manager to the City Council, does not. Neither the City Manager nor the Corporation Counsel is an elective office. There is no requirement for a mandatory referendum when the powers of an appointive office are abolished or curtailed ; and, since the working conditions of the City Manager and the Corporation Counsel as to salary, compensation, hours and the like have not been fixed by a State statute, there is no requirement for a mandatory referendum in this regard.
Nor does the proposed change require a referendum on petition as provided in section 24 of the Municipal Home Rule Law. None of the provisions of that section relate to this situation and in the absence of express statutory authority an advisory referendum by the city is not authorized. (Matter of Silberman v. Katz, 54 Misc 2d 956, affd. 28 A D 2d 992.)
The only conclusion that can be drawn, therefore, is that the City Council did not contravene any provisions of the Municipal Home Rule Law in enacting Local Law No. 1 of 1972.
The plaintiffs also contend that the law is void for failure of the City Council to request the Corporation Counsel to draft the local law and to have indorsed thereon his approval as required by its own rules as amended December 17, 1964 in section III. It is argued by the plaintiffs that at its organizational meeting the present Council did not change this rule but simply renumbered it. The drafting of a law or its approval as to form is a ministerial act only and any rule in relation thereto as a rule of order or resolution may be temporarily suspended at any Council meeting and is not a jurisdictional prerequisite to a valid enactment. It is merely a rule adopted by the City Coun *961 oil which affects the inner operation of the municipal corporation and as such is not entitled to the weight of an ordinance. (Armatage v. Fisher, 74 Hun 167.) If the mode of the exercise of the power by a municipal corporation is not prescribed by statute (as herein), the power may be exercised by resolution or regulation as well as by ordinance or order. It is only where a statute prescribes the method for exercising the power that no other method than that prescribed will suffice to give validity to the action of the municipal governing body. (Matter of Collins v. City of Schenectady, 256 App. Div. 389.) It would be folly or impertinence to require a Corporation Counsel to approve as to form a local law whose effect would be to so change the power of his appointment as to remove him from office.
Nothing contained in this decision, however, prevents direct resort by the electorate to section 37 of the Municipal Home Buie Law providing for the amendment of the City Charter by direct petition of the requisite number of qualified voters as therein provided, or the adoption of a local law for the creation of a commission to draft a new or revised city charter upon filing a petition containing the requisite number of signatures in the office of the City Clerk in accordance with article 4 of this law as contained in subdivision 3 of section 36 of the Municipal Home Buie Law. Unless and until such resort is had to these sections, the Troy City Council has the power to enact Local Law No. 1 of 1972, and its adoption is declared a constitutional and legal act of the said Council, and not ultra vires, and in accordance with the provisions of the Troy City Charter and the Municipal Home Buie Law. As a matter of law the burden imposed upon the plaintiffs has not been met.
It is so declared. The plaintiffs5 request for a preliminary injunction is denied. The temporary restraining order heretofore granted is continued for 20 days after the entry of the order and judgment herein in order to maintain the status quo to give the plaintiffs an opportunity to apply to the Appellate Division for additional time in the event an appeal is contemplated.