RUSSEL D. MEREDITH et al., Appellants, v. EDWARD J. CONNALLY, Individually and as Mayor and Councilman of the City of Troy, et al., Respondents.

Third Department, March 30, 1972.

*Wager, Taylor, Howd & Brearton (James E. Brearton* of counsel), for appellants.

*William R. Murray* for respondents.

*Per Curiam.* This is an appeal from an order and judgment of Supreme Court, Special Term, entered in Rensselaer County, which, pursuant to stipulation of the parties, declared that Local

Law No. 1 of 1972 of the City of Troy was a legal act of the City Council of Troy and denied a preliminary injunction restraining implementation of such law.

On January 18, 1972 the respondent City Council adopted Local Law No. 1 of 1972 by which the power to appoint the city's Corporation Counsel was transferred from the City Manager, himself an appointee of the Council, to the City Council. Appellants contend the legislation is invalid in the absence of a mandatory referendum because the change is so substantial that it changes the essential nature of Troy's form of city government and provides a new charter. (Municipal Home Rule Law, § 23, subd. 2, par. a.) Special Term found, and we agree, that the change was within the power of the Council under the provisions of the Municipal Home Rule Law and the Troy City Charter and it was not so substantial a change as to require a referendum. (*Commission of Public Charities of City of Hudson* v. *Wortman*, 255 App. Div. 241, affd. 279 N. Y. 711.)

Appellants also argue that the enactment was defective procedurally because the Council did not comply with section VIII of the Council's Rules of Order. Section VIII provides: " All proposed local laws, ordinances and resolutions shall be drafted by the Corporation Counsel upon the request of any member of the Council to the City Manager and shall have endorsed thereon his approval as to the form thereof."

Presumably, the Council was authorized to suspend its own rules (see, *Commission of Public Charities of City of Hudson* v. *Wortman, supra,* p. 245), but in any event the failure to comply with section VIII would be an irregularity, not a jurisdictional defect invalidating Local Law No. 1. The rule does not grant any legislative power to the Corporation Counsel or make his duties legislative acts. (See, *Commission of Public Charities of City of Hudson* v. *Wortman, supra.*) It does no more than define the obligation of the Corporation Counsel to serve the legislators and to help avoid carelessly drafted legislation which needlessly exposes the city to expense or embarrassment. It does not grant the Corporation Counsel any power to control the flow of legislation.

The order and judgment should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, COOKE, SIMONS and KANE, JJ., concur.

Order and judgment affirmed, without costs.