Jack Mackston, J.
Defendant is charged with a violation of section 14-14 of the Code of Ordinances of the City of Long Beach in that defendant engaged in the business of operating a medical laboratory without first having obtained a mercantile license.
Section 14-14 provides as follows: "It shall be unlawful for any person to engage in or carry on any business, trade or calling in the city, or to aid or assist as an employee, clerk or otherwise in the carrying on of a business, or to use any wagon, vehicle, stand store, place or thing, or sell or offer for sale any goods or things unless a license required by this Code or other ordinance of the city shall have been first obtained.”
Defendant moves to dismiss the information, contending that authority to test and license operators of medical laboratories, outside the city of New York, has been pre-empted by the State of New York in the exercise of its police power, so as to provide its residents with supervised care by competent laboratory technicians. (Public Health Law, § 574, subd 1 et seq.; People v Biochemical Procedures, 68 Misc 2d 753.)
Subdivision 1 of section 574 of the Public Health Law provides as follows: "On and after July first, nineteen hundred sixty-five, no person shall own or operate a clinical laboratory * * * outside of the city of New York, unless a valid laboratory permit therefor has been issued as provided in section five hundred seventy-five of this title. A permit shall be issued authorizing the performance of one or more laboratory procedures or one or more categories of such procedures.”
Subdivision 2 of section 575 of the Public Health Law provides: "A permit shall not be issued unless a valid certifi *1080 cate of qualification in the procedures for which the permit is sought has been issued to the laboratory director pursuant to the provisions of section five hundred seventy-three of this title, and unless the department finds that the laboratory is competently staffed and properly equipped, and that the laboratory will be operated in the manner required by this title.”
Defendant concedes that no specific pre-emption is stated in the law, but argues one is implied. Use of the word "pre-empt” obscures the issue. Defendant’s theory appears to be that the city’s attempted regulation of an area, for purposes similar to that already under control by State statute, is arbitrary and unreasonable, violative of substantive due process and therefore unconstitutional.
Determination of this issue rests upon comparison and analysis of the underlying purpose of the State statute as opposed to the city ordinance.
The city argues that its ordinance, unlike the State statute, does not contemplate or provide for testing of laboratory personnel to insure their competence, but rather to regulate and license local places of business, including medical laboratories in order to insure compliance with local zoning, building, and fire codes, and to impose reasonable licensing fees to offset the cost thereof. (General City Law, § 20, subd 13; Matter of Posner v Cooper 194 Misc 640.)
It would appear the city’s purpose is not similar to that of the State and, therefore, does not compel the conclusion that the ordinance is capricious and arbitrary. (Main Private Car Serv. v Mayor of City of Yonkers, 71 Misc 2d 417.)
A court of first impression is not bound to set aside a law as unconstitutional unless that conclusion is inescapable (Incorporated Vil. of Lloyd Harbor v Town of Huntington, 143 NYS2d 797; People v Elkin, 196 Misc 188), and demonstrated beyond a reasonable doubt by the one asserting it. (Matter of Van Berkel v Power, 16 NY2d 37; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.)
In Defiance Milk Prods. Co. v Du Mond (309 NY 537, 540-541), the court said: "Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions * * * If any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends.* * * Questions as to wisdom, need or appropriateness are for the Legislature * * * Courts strike down statutes only *1081 as a last resort * * * and only when unconstitutionality is shown beyond a reasonable doubt.”
The same presumption and burden of proof apply to a municipal enactment (Meredith v Connally, 68 Misc 2d 956, affd 38 AD2d 385).
Accordingly, the motion to dismiss is denied and the case is set down for disposition or trial April 8, 1976, at 9:30 a.m.