In this case, which featured extensive photographic evidence presented by both sides, the trial court properly exercised its discretion when it declined to permit defendant to introduce into evidence a proof sheet of photographs, which were too small and unclear to have any probative value under the circumstances (*see, People v Hernandez*, 227 AD2d 162), and when it refused to grant defendant a continuance, of undetermined length, to secure additional photographic evidence of purely speculative value (*see, People v Foy*, 32 NY2d 473). Since the People disclosed their photographic evidence promptly after it came into existence, we reject defendant's argument that the People were in violation of their discovery obligations under CPL article 240. Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.

■ In the Matter of THOMAS BINNIE, Appellant, v CITY OF NEW YORK DEPARTMENT OF CORRECTION et al., Respondents. [654 NYS2d 297] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered July 25, 1996, which denied petitioner's CPLR article 78 petition for annulment of respondents' determination to dismiss him as a correction officer and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner's contentions that the delay in conducting the test following his random selection (*see, Matter of Seelig v Koehler*, 76 NY2d 87, *cert denied* 498 US 847) violated departmental policy and that his designated supervisor targeted his test day to coincide with his return from vacation are without support in the record. Nor is dismissal from the department for use of marihuana so disproportionate to the offense as to be shocking to our sense of fairness (*Trotta v Ward*, 77 NY2d 827). Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.

■ ROY COMMER, Appellant, v CITY OF NEW YORK et al., Respondents. [653 NYS2d 578] —Judgment, Supreme Court, New York County (William McCooe, J.), entered on or about December 21, 1995, which dismissed the petition brought pursuant to CPLR article 78 seeking to enjoin implementation of Local Laws, 1995, No. 77 of the City of New York, unanimously affirmed, without costs.

Local Law 77 of 1995, which added a new chapter 55 to the New York City Charter to transfer functions and powers relating to City construction projects from various departments to a newly created Department of Design and Construction, did not

effect so substantial a change to the Charter as to require a referendum (*see, Commission of Pub. Charities v Wortman*, 255 App Div 241, *affd* 279 NY 711; *Meredith v Connally*, 38 AD2d 385).

We have considered petitioner's other arguments and find them to be without merit.

Petitioner's post-argument submission of additional documents is rejected (22 NYCRR 600.11 [f] [4]). Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.