In the Matter of OYSTERMEN'S DOCK COMPANY, LIMITED, Appellant, against BENJAMIN W. DOWNING, as Supervisor of the Town of Oyster Bay, Respondent.

(Submitted December 1, 1931; decided January 5, 1932.)

*James L. Dowsey* and *G. Burchard Smith* for appellant. Mandamus is the proper remedy, for the act which it is sought to have performed is a ministerial act and the supervisor was properly directed to execute the lease. (*People ex rel. Harris* v. *Commissioners,* 149 N. Y. 26.) It was not the supervisor's duty, after the town board had acted, to pass upon the adequacy of the rental or whether it was improvident or for the best interests of the public or any similar question. (*Town of Brookhaven,* v. *Smith,* 188 N. Y. 74; *Barnes* v. *Midland R. R. Terminal Co.,* 193 N. Y. 378; *Tiffany* v. *Town of Oyster Bay,* 234 N. Y. 15.)

*Thomas J. Cuff* and *Milton Pinkus* for respondent. Neither in its application to the town board for the lease nor to the Supreme Court for mandamus to compel execution of the lease did appellant allege or show a public benefit to be derived therefrom. On the contrary, the terms of the proposed lease show a virtual gift of a large tract of town lands which the town board had no power to make under chapter 157 of the Laws of 1920 or otherwise. (*Tiffany* v. *Town of Oyster Bay,* 209 N. Y. 1; *Trustees* v. *Mecox Bay Oyster Co.,* 116 N. Y. 1; *North Hempstead* v. *Hempstead,* 2 Wend. 109; *Smith* v. *Odell,* 234 N. Y. 267; *Town of Islip* v. *Estates of Havemeyer Point,* 224 N. Y. 449; *Town of North Hempstead* v. *Gallagher,* 21 Misc. Rep. 508; *City of New York* v. *Railroad Co.,* 98 App. Div. 201; *Town of Brookhaven* v. *Smith,* 188 N. Y. 74; *Darlington* v. *City,* 31 N. Y. 164; *Webb* v. *Mayor,* 64 How. Pr. 10; *People ex rel. Lehigh Valley Ry. Co.* v. *Tax Comm.,* 206 App. Div. 549; 240 N. Y. 591; *City of New York* v. *Brooklyn R. R. Co.,* 98 App. Div. 201;

*City of New York* v. *Atlantic Yacht Club*, 209 App. Div. 642; 240 N. Y. 630; *First Construction Co.* v. *State*, 221 N. Y. 295; *Coxe* v. *State*, 144 N. Y. 396; *Illinois Central R. R. Co.* v. *Illinois*, 146 U. S. 387; *People* v. *Fields*, 58 N. Y. 491.) The Appellate Division in the exercise of its discretion properly denied mandamus. (*People* v. *McGuire*, 31 Misc. Rep. 324; *People* v. *Williams*, 100 Misc. Rep. 569; *Brennan* v. *Board of Education*, 245 N. Y. 8; *Burke* v. *Connolly*, 76 Misc. Rep. 337; *People ex rel. Breckenridge* v. *Village of Ocean Beach*, 207 App. Div. 821; *People ex rel. Wood* v. *Assessors*, 137 N. Y. 201; *People* v. *Supervisors*, 22 How. Pr. 275; *People ex rel. Lehmaier* v. *Railway Co.*, 177 N. Y. 296; *People ex rel. Corrigan* v. *Mayor*, 149 N. Y. 215.)

POUND, J. This case comes before the court for review on the law and the facts and the exercise of discretion by the Appellate Division. (New York Const. art. VI, § 7; Civ. Prac. Act, § 589; *Matter of Flagler*, 248 N. Y. 415.)

The town of Oyster Bay holds common lands under water in private, as distinguished from public, ownership which it may convey or lease (*Tiffany* v. *Town of Oyster Bay*, 209 N. Y. 1; *Town of Islip* v. *Estates of Havemeyer Point*, 224 N. Y. 449, 452), subject to the public right to navigate the waters.

By Laws 1920, chapter 157, the town board was authorized to lease the common lands of the town, including lands under water, "for such term or terms, to such persons or corporations, at such rentals and in such manner as the said town board, acting by a majority thereof, shall deem proper."

Prior thereto town lands were disposed of at town meetings under legislative authority. By the act of 1920 all statutes relating to the power of the freeholders to lease such lands were repealed and a regular procedure for applications for leases was set forth. After petition, notice and hearing a lease may be granted by

the town board. By proceedings, the regularity of which is not questioned as to form, the town board voted to grant a lease of a part of the common lands of the town which adjoined the upland owned by Oystermen's Dock Company, Limited, to such company " for commercial dock purposes, as said premises are now being used, and, also, for the further purpose of making any hereinafter desired additions, alterations and improvements in and to the Docks, Slips and Channels now thereon," for a term of fifty years at the yearly rental of $100 with a renewal option for a like period, the respondent, Benjamin W. Downing, as supervisor of the town, voting in the negative. The act of 1920 provided that the supervisor and the clerk of the town should sign and deliver leases authorized by the town board. Respondent refused to execute and deliver the lease. On application of appellant an order of peremptory mandamus was granted at Special Term directing the respondent to sign and deliver the lease. This order was reversed by the Appellate Division " upon the law and the facts   *   *   * in the exercise of discretion " (232 App. Div. 295, 296).

The supervisor of the town offered no justification for his refusal to act, based on illegality or corruption or fraud. He set up by way of excuse a resolution which was carried in the town at the general election for the year 1929 which reads as follows: " Resolved that the Law passed April 10th, 1920 (Chapter 157 of the Laws of 1920) be amended to read that no Town lands shall be leased by any Town Board of Oyster Bay Township without a vote of the people of the Township at a general or Special election." He also asserted that the lease was improvident and not beneficial to the public. In other words, he set up the views of public policy expressed in the advisory and wholly nugatory resolution of the town meeting which purported to amend a statute of the State and his own views of the public interest against the mandate of the statute and the action of the town

board in order to avoid doing a distasteful ministerial act which it was his clear legal duty to perform and which involved no exercise of judgment or discretion on his part. (*Marbury* v. *Madison*, 1 Cranch [U. S.], 137, 162; *People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26, 30, 31.)

The grant of lands under water to the owners of the upland " for commercial dock purposes " is " in the public interest." At least it is a use that can " fairly be said to be for the public benefit " to promote commerce and navigation. " Grants to the owners of the adjoining uplands, either for beneficial enjoyment or for commercial purposes, have long been authorized and recognized as one of the uses to which the State may lawfully apply such lands." (*Coxe* v. *State*, 144 N. Y. 396, 406, 407.) Indeed, it may be questioned whether the appellant as the owner of the adjoining upland might not maintain and enlarge its existing dock without acquiring title to the land under water. (*Appleby* v. *City of New York*, 271 U. S. 364, 399.) In the circumstances, inadequacy of price amounting to fraud or waste is not suggested. The lease was authorized after a public hearing where no better offer was made.

The people of the town of Oyster Bay have a right to expect its public officials to act honestly within the range of discretion vested in them, but human agencies are not infallible. For honest mistakes of judgment they are granted much indulgence. The voters may not curtail the delegated powers of their representatives by direct action on matters of policy. (*Matter of McCabe* v. *Voorhis*, 243 N. Y. 401, 413.) If on such matters official action does not meet with public approval, the remedy is political. New officers more in accord with the views of their constituency may be chosen to succeed the unpopular or unwise. The courts may not conserve the public interests and shape action thereon to their own desire by reviewing the lawful acts of public officers. The

supervisor has no veto power over the resolutions of the town board. He should bow to the wish of the majority in all things lawful. Thus are democracies governed.

While mandamus is a remedy to be granted in the discretion of the court and not as matter of right, that discretion should be exercised with proper regard for established legal principles and not arbitrarily withheld to thwart legitimate action of public officers and to nullify vested legal rights. On the merits, the case points clearly to the relief sought.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.