EMMERICH KALMAN, Appellant, v. JACOB J. SHUBERT, Respondent.

(Argued March 4, 1936; decided April 14, 1936.)

*John J. Sweedler* for appellant. The complaint states a cause of action for a declaratory judgment. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Newburger* v. *Lubell*, 257 N. Y. 383; *Strobe* v. *Netherland Co.*, 283 N. Y. Supp. 246.)

*Milton R. Weinberger, William Klein* and *Adolph Lund* for respondent. The complaint does not state a cause of action for a declaratory judgment, and the court rightfully exercised its discretion in dismissing the complaint. (*Russian Commercial & Industrial Bank* v. *British Bank*, 90 L. J. [K. B.] 1089; *Joannes Bros. Co.* v. *Lamborn*, 237 N. Y. 207; *Tilton* v. *Schwarz*, 199 App. Div. 607; *James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Cohan* v. *Robbins Music Corp.*, 244 App. Div. 697; *Loesch* v. *Manhattan Life Ins. Co.*, 128 Misc. Rep. 232; 220 App. Div. 828; *Newburger* v. *Lubell*, 257 N. Y. 383; *Post* v. *Metropolitan Casualty Ins. Co.*, 227 App. Div. 156.)

FINCH, J. The question presented for decision is whether the complaint is sufficient to entitle the plaintiff to a declaratory judgment.

The Special Term dismissed the complaint and the Appellate Division has affirmed. Since the complaint has been dismissed these allegations must be deemed to be true and fix bounds beyond which we cannot go. It is alleged that the plaintiff, the author, composer and owner of five operettas, offered to grant to the defendant the right to perform these in the United States and Canada in stock performances upon payment of specified royalties in accordance with a written instrument which is made a part of the complaint. The dispute arose concerning this written instrument. The defendant claims that because the plaintiff signed the instrument a binding agreement has arisen giving the defendant exclusive rights to perform the operettas in the United States and Canada. The plaintiff on the other hand insists that he did no more than make an offer to the defendant which has never been

accepted and that, therefore, no binding contract exists between the parties. The plaintiff asks that the court declare that the defendant has no rights in the said operettas by reason of this instrument. He also asks that if the court should find that a binding and enforceable agreement does exist that the court order the defendant to account and pay the plaintiff the royalties provided for in the instrument. He does not allege that there have been any performances by the defendant but alleges that defendant has failed to pay for any performances although the instrument requires payment of $100 a week for each week that an operetta is performed. Plaintiff also alleges that if any agreement was formed that it has been terminated by reason of the failure of defendant to pay a yearly stipend provided for in the instrument even though no performances have been given.

Upon these facts the issue being the existence of a contract, if no existing form of action furnishes adequate relief, a situation is presented calling for a declaratory judgment. (Borchard on Declaratory Judgments, p. 407; *Lovesy* v. *Palmer*, [1916] 2 Ch. 233.)

From the standpoint of the plaintiff the writing in the hands of the defendant creates a cloud on the titles of the operettas of which the plaintiff alleges he is the sole owner. These rights are of substantial value and unless and until there is an adjudication of defendant's rights and liabilities the defendant by the assertion of a claim based upon the writing in his possession, effectively prevents the plaintiff from selling or negotiating a sale of his rights in the operettas since a prospective vendee does not desire to purchase a law suit. The plaintiff must have affirmative relief before he can remove this cloud from his property created by the claim of the defendant.

The court at Special Term proceeded on the theory that the plaintiff " has * * * an adequate remedy * * * by existing forms of actions " and this has been affirmed by a majority in the Appellate Division.

Plaintiff, however, cannot sue at law either for damages for breach of a contract which he claims does not exist nor for damages for failure to accept his offer. For a like reason plaintiff cannot sue in equity for a rescission or for an accounting. A suit in the Federal courts for plagiarism may not be had unless the defendant has performed the operettas and apparently no performances have been had. The plaintiff should not be required to sit idly by and await the pleasure of the defendant in pirating his property. The operettas have a present value · which may disappear if public taste changes. Equitable relief by way of injunction is of no avail since the defendant may never attempt to exercise the rights which he now asserts. He may be satisfied to prevent competition from the operettas owned by the plaintiff with others in which he is interested.

This is not a case where adequate relief by means of an existing form of action is available to the plaintiff. (*Newburger* v. *Lubell,* 257 N. Y. 383.) Nor is it a case where the plaintiff does not need a declaratory judgment to establish his rights but chose that form of action for the purpose of procuring a lien which is dependent not upon procedure but upon an agreement subjecting the property to a lien. (*James* v. *Alderton Dock Yards,* 256 N. Y. 298.) On the contrary, we have here a case where the plaintiff must have affirmative relief to quiet a disputed jural relation as to both present and prospective obligations, and existing forms of action, aside from that of declaratory judgment, are not reasonably adequate. No contention is here made that this is not a case of actual controversy. (*United States* v. *West Virginia,* 295 U. S. 463.)

It follows that the judgment of the Appellate Division and the order of the Special Term dismissing the complaint should be reversed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.