THE COMMISSION OF PUBLIC CHARITIES OF THE CITY OF HUDSON and Others, Respondents, *v.* WILLIAM WORTMAN, Mayor of the City of Hudson, Appellant.

Third Department, November 2, 1938.

*William M. Eaton, Corporation Counsel*, for the appellant.

*R. Monell Herzberg*, for the respondents.

RHODES, J. Plaintiffs seek a declaratory judgment declaring unconstitutional and void certain proposed laws adopted by the common council of the city of Hudson, as to which laws it is alleged the mayor proposes to hold public hearings, thereafter sign them and proceed thereunder in accordance with the provisions thereof.

Certain technical objections are raised by the defendant which properly may be disposed of before considering the merits of the controversy. These objections are: That the action is not a taxpayer's action authorized by section 51 of the General Municipal Law, since the plaintiffs are not taxpayers; that plaintiffs have not pursued the proper remedy; that a proper, full and complete remedy at law is afforded to any aggrieved taxpayer under section 51 of the General Municipal Law and that the question of invalidity is academic until an attempt is made to proceed under such new laws; that there is no allegation of any facts showing that irreparable damage will be suffered by plaintiffs; that the action is prematurely brought because the legislative steps necessary to enactment had not been completed in that a public hearing on the laws had not been held and the mayor had not approved the same at the time of the commencement of the action. It was stated on the argument that these legislative steps have now been taken, and for the purposes of discussion this will be assumed.

Some of these technical objections present serious difficulties, but in view of our conclusions as to the merits such preliminary questions need not be discussed at length.

It may be assumed that remedies other than in the form of an action for a declaratory judgment are available to test the validity of such local laws when an attempt is made to put them into execution. But the existence of other remedies does not preclude the plaintiffs from maintaining this action.

The Supreme Court has power to grant such judgment " in any action or proceeding." (Civ. Prac. Act, § 473.) (See *Kalman* v. *Shubert*, 270 N. Y. 375.)

Jurisdiction in an action for a declaratory judgment is discretionary. (*Bareham* v. *City of Rochester*, 246 N. Y. 140; *People ex rel. Hotchkiss* v. *Smith*, 206 id. 241; *Matter of McCabe* v. *Voorhis*, 243 id. 401.)

As the action is properly brought, the question presented by the appeal requires a determination as to the validity of the laws attacked.

By the charter of the city of Hudson (Laws of 1921, chap. 669), the commissions, plaintiffs herein, together with the commission of cemeteries, were created and declared to be municipal corporate bodies for the purpose of carrying on the city government. The membership of these municipal corporate bodies was made up of commissioners appointed by the mayor, and in addition to other corporate powers conferred these corporate bodies were given the power to sue and defend in all courts.

The seven local laws here under attack are numbered from 3 to 9, inclusive. No. 3 abolishes the foregoing named commissions and No. 4 creates a department of police to consist of a commissioner appointed by the mayor to be head of the department, whose powers and duties include those heretofore belonging to the plaintiff commission of public safety.

No. 5 establishes a department of public welfare, the head of which shall be a commissioner appointed by the mayor, whose powers and duties include those heretofore belonging to the plaintiff commission of public charities.

No. 6 creates the department of fire to be headed by a commissioner appointed by the mayor whose powers and duties include those heretofore belonging to the plaintiff commission of public safety.

No. 7 creates the department of cemeteries, to be headed by a commissioner appointed by the mayor, whose powers and duties include those heretofore belonging to the commission of cemeteries.

No. 8 creates the department of public works, to be headed by a commissioner appointed by the mayor, whose powers and duties include those formerly belonging to the commission of public works.

No. 9 provides that each commissioner provided for by the new laws is to have the powers and duties heretofore belonging to the president of the commission of which such commissioner is the successor.

Plaintiffs make some technical attacks upon the validity of the laws, alleging among other things that one of the members voting for these laws had failed to take the oath of office, and that such local laws were never voted upon and passed by the board of estimate and apportionment as required by section 13 of the City Home Rule Law. The member of the council in question was certainly a *de facto* officer. The board of estimate and apportionment contemplated by the City Home Rule Law is defined in section 2

thereof as the board or body of a city consisting of not less than five elective members. By section 195 of the charter of the city of Hudson the board of estimate and apportionment consists of but three members, the mayor, the city treasurer and the president of the common council. Seemingly, the appellant is correct in asserting that the board of estimate and apportionment of the city is, therefore, simply an administrative body and not a legislative body within the intendment of section 13 of the City Home Rule Law; therefore, the proposed laws were not required to be submitted to such board of estimate and apportionment as a legislative step in their enactment.

It is claimed that the attempted enactment of No. 4 was not in conformity with section 13 of the City Home Rule Law which declares: " No such local law shall be passed until it shall have been in its final form and upon the desks of the members at least seven calendar days, exclusive of Sunday, prior to its final passage, unless the Mayor shall have certified as to the necessity for its immediate passage."

The complaint alleges in substance that the copies of proposed law No. 4 furnished to the members of the common council did not conform with the original proposed law filed with the city clerk; that the common council illegally and without effect attempted to correct this mistake by a motion on the 31st day of March, 1938, but failed to leave such law upon the desks of the members of the legislative body in its final form for the necessary period of seven calendar days.

It may be that the law was passed pursuant to a certificate of necessity for its immediate passage, as permitted by section 13 of the City Home Rule Law. The complaint is silent as to that. There being a presumption that official acts and duties have been performed, we may assume in the absence of showing to the contrary that the proper procedural steps necessary to enactment were taken. In any event there was a substantial and sufficient compliance. (Cf. *Salducco* v. *Etkin*, 268 N. Y. 606; *Bramley* v. *Miller*, 270 id. 307.)

There is an objection as to Nos. 3 and 4 that they were never referred to a special committee of the common council, as required by a rule of that body. It is sufficient answer that the body which adopted the rule certainly had the power to suspend it.

Another ground of attack is that the commissions attempted to be abolished by these laws, being municipal corporations with power to sue and be sued, may not be destroyed by enactment of the common council; that the only power to create or abolish a corporation rests in the Legislature. It is true that for certain purposes the commissions in question are municipal corporations and separate

legal entities, but they are simply agencies for the more convenient administration of municipal affairs. Legislation as to them certainly relates to the local affairs of the city. As to such local affairs the Legislature may not pass any special act except on an emergency message from the Governor. (State Const. art. 12, § 2.)

Under the City Home Rule Law a city is empowered to enact an entirely new charter — how can this be done if the city may not abolish charter commissions such as these? The power so to do seems very manifest.

The objection which the court below apparently regarded as the most serious relates to the failure of these local laws to provide for submission to the electors by referendum. By subdivision 11 of section 15 of the City Home Rule Law such referendum is mandatory if the proposed new law provides for a new charter for the city.

The court below thought that the question should be resolved at the trial as to whether the proposed laws constitute the enactment of a new charter. However, that question is one of law requiring merely a comparison of the proposed laws with the charter enacted by the Legislature. Such comparison clearly reveals that the existing charter has not been done away with; the new laws simply change the form of certain commissions to that of departments, each department to be headed by a single commissioner to be appointed by the mayor. So far as this aspect of the case is concerned, a new charter not having been enacted, there is no requirement that a referendum be provided for by the local laws in question. These laws are, therefore, not invalid on that account.

It is also claimed in behalf of plaintiffs that the new laws change the system of auditing accounts and that, therefore, a permissive referendum should be provided for. A permissive referendum after a petition therefor is provided for by subdivision 5 of section 17 of the City Home Rule Law, if a proposed local law " changes a provision of law relating to the auditing of the city's accounts."

Plaintiffs assert that the proposed laws do work a change relative to the auditing of accounts in that by the original charter auditing of claims and accounts involving the various commissions was done by the commissioners, whereas under the new laws the auditing is to be done by the single commissioner at the head of the department, and plaintiffs assert that the new laws are invalid in so far as they fail to provide for such permissive referendum. It may be granted that these new laws do in some degree change the law relating to auditing. The answer is that it does not appear that any petition has been filed requesting such referendum, and in any event the right to such referendum does not depend upon

authorization by local law, but is granted by the provisions of the City Home Rule Law.

Plaintiffs also complain that the new laws not only have abolished the commissions, but that they have abolished the provisions of the law providing for the members of the police force as well as the members of the fire department of the city; that thus there has been a failure to protect the tenure as well as the pension rights of the policemen, firemen and civil service employees. This argument may not be sustained. There is nothing in the new laws which in language or effect relates to, changes or interferes with the position of any fireman, policeman, employee of the public works department or of the cemeteries staff. The language and the purport of the new laws is to the effect that there is continuation of each commission through the department which becomes its successor. The only practical change is that a commission headed by three commissioners is succeeded by a department headed by a single commissioner, who succeeds to all the powers and duties of the former commissioners. The laws do not interfere with the rights of members of these departments.

It is also suggested that these laws in effect supersede various acts of the Legislature and that such local laws do not specify the acts of the Legislature affected or superseded, as required by the statute. However, section 12 of the City Home Rule Law provides that the failure thus to specify shall not affect the validity of such local law.

At the expense of brevity an attempt has been made to answer all of the material objections made by the parties herein. It seems unnecessary to enter into an extended discussion as to the powers granted to cities under the Constitution and the City Home Rule Law, or the limits and restrictions imposed upon the power of the cities to act thereunder. Those powers and limitations for the purposes of this case are sufficiently discussed in *Bareham* v. *City of Rochester* (*supra*); *McCabe* v. *Voorhis* (*supra*); *New York Steam Corp.* v. *City of New York* (268 N. Y. 137); *Robia Holding Corp.* v. *Walker* (257 id. 431); *Matter of McAneny* v. *Bd. of Estimate, etc.* (232 id. 377); *Browne* v. *City of New York* (241 id. 96); *County Securities, Inc.,* v. *Seacord* (278 id. 34); *Johnson* v. *Etkin* (279 id. 1).

Our conclusions are that the matter is properly before the court for consideration; that the local laws in question are constitutional and valid; that, therefore, the complaint is insufficient and the order denying defendant's motion to dismiss the complaint should be reversed, with costs, and the complaint dismissed, with costs.

Hill, P. J., and Heffernan, J., concur; Bliss, J., dissents; McNamee, J., not voting.

Order denying defendant's motion to dismiss complaint reversed on the law, with costs, and complaint dismissed, with ten dollars costs.