Sem Benelli et al., Plaintiffs, *v.* Arthur Hopkins, Defendant.

Supreme Court, Special Term, New York County, February 6, 1950.

*John B. Doyle* for plaintiffs.

*Milton H. Rosenbloom* for defendant.

WALTER, J. (orally). Plaintiffs (two when the action was commenced, but now one because of the subsequent death of Benelli) claim that defendant, a theatrical producer of note, falsely and erroneously asserts that he has rights in and to a play written by plaintiffs and thereby prevents them from getting other producers to produce their play; and they bring this action to obtain a declaration of the validity of their rights and of the invalidity of defendant's assertions.

In 1909 plaintiff Benelli, now deceased, wrote in the Italian language a dramatic composition, a play, entitled "*La Cena delle Beffe*" ("Supper of the Jests"), which was copyrighted in the United States in 1909. A French translation was prepared by Benelli and Jean Richepin and was produced in France in 1910. That translation was copyrighted in the United States by Jean Richepin in 1910, and such copyright was renewed by his son Jacques. Richepin in 1937.

An English version, entitled "The Jest", was prepared by Edward Sheldon and was produced by defendant in New York in 1919. That version purports to have been copyrighted in the United States by John Barrymore, but as Barrymore did not write such English version and so far as appears was never authorized by Benelli to obtain a copyright, there is no evidence that such copyright by Barrymore is or ever was of any validity.

In producing such Sheldon version, in 1919, defendant acted under an arrangement with Barrymore, who was in the cast in the production, and not under any license from Benelli, who, however, did not object, for the reason, apparently, that royalties on the production were paid to him.

By contract of July 23, 1924, Benelli granted to defendant the sole and exclusive right and license to produce his play in the United States and Canada until September 1, 1934, and defendant agreed to have a first class adaptation made of the play in English and to produce the play on or before December 1, 1924, with announcements containing the name of Benelli as author in type larger than that giving the name of the English translator or adapter.

By similar contract of January 12, 1926, Benelli granted to defendant the sole and exclusive right and license to produce his play in the United States and Canada until December 1, 1935, and defendant agreed to produce the play on or before February 15, 1926, with announcements containing the name of Benelli as author in type larger than that giving the name of the English adapter.

Under the latter of those contracts defendant again produced the Sheldon English version under the title of " The Jest " in New York in February to April and in October, 1926. Defendant's announcements of that production described " The Jest " as " a drama in 4 acts adapted from the Italian of Sem Benelli's La Cena delle Beffe ". They did not give the name of the adapter apparently for the reason that Sheldon did not desire credit for having made the adaptation.

In 1939 Benelli and plaintiff Emerson collaborated in writing a new English version of a play " The Jest " based on Benelli's original Italian play " La Cena delle Beffe "; and in 1939 they caused such new English version to be copyrighted in the United States.

Since then they have made more or less diligent but wholly unsuccessful efforts to get theatrical producers to produce their play. In each instance in which they have gotten a producer to evince interest in producing it they have sooner or later been met with the statement that defendant claims a right to the play or to the title.

Defendant denies that he has made any statements which reasonably could have led other producers to believe that they could not arrange with plaintiffs for a production of such new English version without becoming involved in litigation with defendant. He also denies that he has any thought of reviving the play which he heretofore produced and asserts that he has no objection to anyone else producing the new English version. Nevertheless, the position of defendant in the theatrical world is such that the mere fact that he heretofore produced a play called " The Jest " is calculated to make other producers feel that any attempt by them to produce any play of that title would be likely to involve them in undesirable and costly controversy with defendant; and although I do not in any way doubt the sincerity of defendant's testimony I feel that in the multitude of his interests in plays he perhaps has forgotten some incidents respecting plaintiff's new English version and is unduly modest in not recognizing the paralyzing fear the

mere mention of his name in connection with a play called " The Jest " is apt to cause among other producers in New York when approached with any suggestion that they produce a play of that title.

I am satisfied, therefore, that the situation here is such as to make a declaratory judgment proper (see *Kalman* v. *Schubert,* 270 N. Y. 375).

Such rights as were granted to defendant by his contracts with Benelli plainly have long since expired and neither those contracts nor the fact of defendant's prior productions gives any basis for any claim or assertion that defendant has any right to produce either Benelli's original or the French version or the Sheldon version or the 1939 version written by plaintiffs or to use the title " The Jest " in any production of any play he may now undertake. That is too plain for argument or discussion, and any pretense, avowed or covert, that his prior productions give him any rights in the original or in any of those versions or to the title " The Jest " would be a palpable abuse of the relation created by those now long-expired contracts.

But the United States copyright of the original Italian play and the United States copyright of the Sheldon version purportedly obtained by John Barrymore both have now expired. Both the original Italian play and the Sheldon version thus are now in the public domain, unless the Sheldon version be an infringement of the French version copyrighted by Richepin or the 1939 copyright takes them out of the public domain; and defendant has exactly the same right to produce either of them which any member of the general public may have — no more and no less.

Whether or not the Sheldon version is an infringement of the French version copyrighted by Richepin is a question which has not been litigated and cannot be decided in this case. It can be decided only in a Federal court and in an action to which other persons are parties.

So, too, the question whether the existing copyright of the 1939 version operates to take the Italian original and the Sheldon version out of the public domain, despite the expiration of the copyrights thereof, is a question of copyright law which can be decided only in a Federal court.

As presented by the pleadings, the case was one in which plaintiffs sought protection of a common-law right of literary property in the 1939 version flowing from the fact of authorship

and sought it upon the basis of an abuse by defendant of a contract relation. As developed by the proofs, the case has become one in which they seek protection of a copyright; and while they may seek protection in a State court even for a copyright where the wrong complained of is a breach of contract or the abuse of a relation (*Condon* v. *Associated Hosp. Service,* 287 N. Y. 411, 414; *Underhill* v. *Schenck,* 238 N. Y. 7, 13, 14) they cannot in a State court obtain redress for a tortious infringement of a copyright.

I conclude, therefore, that plaintiffs are entitled to judgment declaring and adjudging that any and all rights granted to defendant by his contracts with Benelli have long since expired and neither of those contracts nor the fact of defendant's prior production of a play called " The Jest " gives any basis for any claim or assertion that defendant has any right to produce the Italian original of Benelli's composition " La Cena delle Beffe ", the French version La Beffa, the Sheldon version " The Jest " (viz.: the version allegedly copyrighted by John Barrymore in 1919) or the 1939 English version by plaintiffs, or any right to use the title " The Jest " in any production of any play he may now undertake; and that defendant has only such right, if any, as is possessed by the general public to produce any of such compositions, plays or versions.

For any further adjudication or relief with respect to the said 1939 version, plaintiffs must apply to a Federal court.

Plaintiffs are also awarded costs.

The foregoing constitutes the decision required by the Civil Practice Act and judgment is to be entered thereon.