Frederick G. Schmidt, Off. Ref.
This is an action for a declaratory judgment, declaring a provision of the City Charter of New Rochelle, allowing a referendum on amendments to the *297 zoning ordinance, invalid. The plaintiff moves for judgment on the pleadings, and this motion has been referred to the undersigned to hear and determine.
Only a question of law is here involved, as the facts are not in dispute. The facts are as follows: On August 27, 1956, the Common Council adopted an amendment to its zoning ordinance by which its established an Office Building District, designated District 01, pursuant to section 83 of the General City Law.
Under the New Rochelle City Charter, adopted as a local law under the provisions of the City Home Rule Law, a referendum may be had on any ordinance adopted by the City Council, if a petition therefor signed by the required number of electors, is presented to the city clerk. A petition for a referendum on the said amendment of the zoning ordinance was so filed. The filing of such a petition suspends the operation of the ordinance until it has been presented to and approved by the voters at the next general election.
The city clerk rejected the petition as not duly signed by the necessary number of electors, and an article 78 (Civ. Prac. Act) proceeding was instituted against him. The local authorities were stayed from enforcing the ordinance until the proceeding was determined. It has not been heard, though it has been referred to the undersigned. If the relief sought in the present action is granted, and the charter provision held invalid so far as it affects amendments to the zoning ordinance, the article 78 proceeding will become academic. All parties therefore agreed that the present motion be heard and decided before the proceeding was heard.
The plaintiff is the owner of vacant property which will qualify under the amendment to be used for office buildings on application to the proper city officials, who under the ordinance, shall prescribe appropriate conditions and safeguards for each parcel so used. He intends to apply for reclassification of his property to permit the erection thereon of an office building, to be occupied as the home office of a large insurance company.
While the plaintiff and the defendant city are the only parties to this action, certain property owners, who signed the petition mentioned above, appear as amici curia.
A preliminary question, not raised by the defendant city, but raised in the brief of the amici curia, is whether the plaintiff has the right to bring this action for a declaratory judgment. There is some doubt as to the propriety of the form of action, but in view of the circumstances here, I believe the statement of Justice Conn in Long v. Long (281 App. Div. 254, 256, motion for reargument denied 281 App. Div. 882) is applicable: “ The *298 Supreme Court has the power in any action to declare rights and other legal relations on request for such declaration and by statute such declaration shall have the force of a final judgment. (Civ. Prac. Act, § 473.) A declaratory judgment may be resorted to when the circumstances render it useful and necessary, and where it will serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. (Sombert v. Somberg, 263 N. Y. 1, 4, 5.) Though the granting of a declaratory judgment is discretionary with the trial court, the discretion must be exercised judicially and with care. (James v. Alderton Dock Yards, 256 N. Y. 298, 305; Engel v. Engel, 275 App. Div. 14, 16; Pomerance v. Pomerance, 187 Misc. 20.) The exercise of that discretion is always subject to review.”
In Dun & Bradstreet v. City of New York (276 N. Y. 198) the court said, at pages 206-207: “If taxing officers act without jurisdiction, their acts are illegal and void. In such a case, certiorari is not an adequate remedy even if a proper one. (National Bank of Chemung v. City of Elmira [53 N. Y. 49], supra; Buder v. First Nat. Bank, 16 Fed. Rep. [2d] 990.)
‘1 The undisputed facts in this case make it peculiarly one where the remedy of a declaratory judgment should be granted. That remedy is applicable in cases where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved. In such cases, pure questions of law are presented. It would be difficult to imagine a case where that remedy would be more applicable. In Socony-Vacuum Oil Co. v. City of New York (247 App. Div. 163; affd., 272 N. Y. 668) we affirmed a judgment where a declaratory judgment had been granted which declared a tax under the local law here in question to be illegal. In that case the declaratory judgment was granted by the Appellate Division. In the case at bar a declaratory judgment has been denied.
“ Section 473 of the Civil Practice Act and rule 212 of the Rules of Civil Practice vest in the Supreme Court a certain discretion as to the allowance of a declaratory judgment. Such discretion is, however, a legal discretion, and under rule 212 the court in declining to pronounce a declaratory judgment must state the grounds upon which its discretion is exercised. Here the Special Term denied the motion to dismiss the complaint and held that a declaratory judgment was a proper remedy. The Appellate Division in reversing stated that the special procedure for the assessment and review of the taxes imposed is the exclusive procedure to be followed. We reach a contrary *299 conclusion under the special circumstances involved in the case.”
See, also, Kalman v. Shubert (270 N. Y. 375, 378) where the court said: i 1 This is not a case where adequate relief by means of an existing form of action is available to the plaintiff. (Newburger v. Lubell, 257 N. Y. 383.) Nor is it a case where the plaintiff does not need a declaratory judgment to establish his rights but chose that form of action for the purpose of procuring a lien which is dependent not upon procedure but upon an agreement subjecting the property to a lien. (James v. Alderton Dock Yards, 256 N. Y. 298.) On the contrary, we have here a case where the plaintiff must have affirmative relief to quiet a disputed jural relation as to both present and prospective obligations, and existing forms of action, aside from that of declaratory judgment, are not reasonably adequate. No contention is here made that this is not a case of actual controversy. (United States v. West Virginia, 295 U. S. 463.) ”
See, also, Commission of Public Charities of City of Hudson v. Wortman (255 App. Div. 241, affd. 279 N. Y. 711), where, at page 243, Justice Rhodes said: “ It may be assumed that remedies other than in the form of an action for a declaratory judgment are available to test the validity of such local laws when an attempt is made to put them into execution. But the existence of other remedies does not preclude the plaintiffs from maintaining this action. The Supreme Court has power to grant such judgment ‘ in any action or proceeding.’ (Civ. Prac. Act, § 473.) (See Kalman v. Shubert, 270 N. Y. 375.) Jurisdiction in an action for a declaratory judgment is discretionary. (Bareham v. City of Rochester, 246 N. Y. 140; People ex rel. Hotchkiss v. Smith, 206 id. 241; Matter of McCabe v. Voorhis, 243 id. 401.) ”
In Matter of Kuhn v. Curran (294 N. Y. 207), Chief Judge Lehman wrote, at page 213: “ In view of the importance to the public of an authoritative determination of that question at the present time, we do not pause to consider whether the question is presented in appropriate proceedings. Sufficient, at present, that a controversy exists between the parties to the proceedings immediately affecting them, and that all parties entitled to be heard in regard to the questions involved are here represented.”
In the light of these decisions, and the fact that both the plaintiff and the defendant city desire to have the validity of the referendum provision of the City Charter determined in this action, and the further fact that such determination is of great importance to the city and its citizens, I will consider the actiop on its merits. i,
*300 I pass now to the legal question raised by the pleadings, namely, is the charter section, permitting a referendum on amendments to the zoning ordinance, valid. I have reached the conclusion that it is not.
In the first place, the charter was adopted as a local law pursuant to the "City Home Buie Law. Section 15 of this latter law expressly states the instances where it is mandatory to hold a referendum. Section 17 sets forth the instances in which a referendum may be secured by petition. In neither of these sections does the City Home Buie Law grant any authority to a city to provide for a referendum on a zoning ordinance, or an amendment thereto.
The Court of Appeals has passed on this question in Matter of McCabe v. Voorhis (243 N. Y. 401), where Judge Pound, writing for a unanimous court, said at page 413: ‘ ‘ The power to provide for a referendum must be found in the City Home Buie Act. (Mills v. Sweeney, 219 N. Y. 213.) Otherwise it is unauthorized. Direct legislation in cities must always rest on some constitutional or statutory grant of power. Government by representation is still the rule. Direct action by the people is the exception. The test of validity, therefore, is whether Local Law No. 16 has been adopted as a local law coming within the powers delegated to the city by such law. The power asserted by the city must fail unless the local law squares itself with the restrictions therein contained. (Browne v. City of New York, 241 N. Y. 96.) ” (See, also, Matter of International Ry. Co. v. Public Service Comm., 242 App. Div. 300; Matter of Oystermen’s Dock Co. v. Downing, 258 N. Y. 156, 160.)
The power of a city to adopt a zoning ordinance derives from subdivisions 24 and 25 of section 20 of the General City Law. Its power to amend its zoning ordinance is found in section 83 of said law. It was under this section 83 that the amendment providing for the 01 District was passed, as set forth in the amendment. This, then, is the section setting forth the method by which a zoning law may be amended. It reads as follows: ‘ ‘ The common council may from time to time on its own motion or on petition, after public notice and hearing, which hearing may be held by the council or by a committee of the council or by the planning board, amend, supplement, repeal or change the regulations and districts established under any ordinance adopted pursuant to paragraphs twenty-four and twenty-five of section twenty of this chapter. Wherever the owners of fifty per centum or more of the frontage in any district or part Hereof shall present a petition duly signed and acknowledged, *301 to the common council, requesting an amendment, supplement, change or repeal of the regulations prescribed for such district or part thereof, it shall be the duty of the council to vote upon said petition within ninety days after the filing of the same by the petitioners with the secretary of the council. If, however, a protest against a proposed amendment, supplement, repeal or change be presented, duly signed and acknowledged by the owners of twenty per centum or more of the area of the land included in such proposed change, or by the owners of twenty per centum or more of the area of the land immediately adjacent extending one hundred feet therefrom, or by the owners of twenty per centum or more of the area of land directly opposite thereto extending one hundred feet from the street frontage of such opposite land, such amendment shall not be passed except by a three-fourths vote of the council.” (As amd. by L. 1952, ch. 579; L. 1955, ch. 767, eff. April 28,1955.)
This method and procedure established by the Legislature for all cities would be completely nullified if a referendum were to be substituted for the safeguards provided by this section. That said section 83 is the authority and prescribes the method for the valid amendment of a zoning ordinance, is held in Lo Cascio v. Kristensen (280 App. Div. 835 [2d Dept.]) where the decision reads in part as follows: “ The power to amend, supplement or change the zoning ordinance is granted by section 83 of the General City Law, and the questioned ordinance was adopted in compliance with that section. (Cf. Homefield Assn. of Yonkers v. Frank, 273 App. Div. 788, affd. 298 N. Y. 524; Rohlman v. City of Yonkers, 275 App. Div. 842.) ”
It may be noted that the sections of the General City Law and similar ones in the Town and the Village Laws, set forth a method and procedure, State-wide in operation, by which municipalities may avail themselves of the right to zone the land within their boundaries. These statutes require that any zoning law shall be based on a well-considered and comprehensive plan by means of which the land in the municipality may be used for purposes for which it is best suited and all reasonably necessary uses may be provided for. If, after the adoption of a zoning ordinance, meeting these requirements, some of its provisions may be deleted by a referendum of the electors, the comprehensiveness mandated by the Legislature could well be destroyed. Essential uses, such as for churches and schools, could be barred from the municipalities.
In the instant case, while the Common Council may comply with section 83 of the General City Law in amending the New *302 Rochelle Zoning Ordinance, as it here did, its legislation and the city’s compliance with the said section could be completely nullified if such acts were subject to a referendum of the electors of the city. This would create, as it has here, a situation where there has been formal but ineffective compliance. This would exalt form above substance.
In view of the foregoing, judgment on the pleadings is granted to the plaintiff. This disposition of this action makes academic the article 78 proceeding, and it is accordingly dismissed.
This decision shall constitute findings of fact and conclusions of law.
Submit judgment in this action and order in the article 78 proceeding on two days’ notice.