Arthur D. Brennan, J.
After a trial of the issues in this article 78 proceeding, in the nature of mandamus, this court finds: that by resolution of January 10, 1941, the village board accepted the petitioners’ offer to purchase, and it agreed to sell, certain premises owned by the village upon the petitioners ’ performance of certain conditions; that in and by said resolution, the village also agreed to convey to the petitioners a portion of an adjacent garage building and premises thereof upon condition that within one year from the date of the conveyance of the same, the petitioners, at their own expense, would erect a 12-inch party wall and complete other necessary construction so as to make the said garage jointly usable by the village and the petitioners; that it was therein further resolved and ordered that the deed with respect to said portion of the garage and premises thereof be executed and delivered by the Mayor one year from the date of said resolution; that said deed was never executed and delivered; that in addition, the aforesaid party wall and other construction work was never constructed or performed by reason of the fact that from time to time the village officials had prevailed upon the petitioners to permit the village to use the entire garage building for village purposes throughout the year 1941 and for many years thereafter; that during this period of time, however, the village officials as well as the petitioners assumed that the petitioners held title to the subject portion of the said garage and premises thereof; that when the petitioners obtained a survey and title policy they discovered for the first time that the subject premises had not been included in the conveyance to them of the other adjacent property which the village had agreed to convey and had conveyed to them; and that thereupon, the petitioners made demand for the execution and delivery to them of the deed to the subject portion of the aforesaid garage building and premises thereof, maintaining that the aforementioned condition (of erecting the party wall and performing the other construction work) had been waived by the village.
In this court’s view, the instant proceeding to compel the execution and delivery of the subject deed, all as provided for, authorized and directed by the resolution of January 10, 1941, has been timely instituted and is properly maintainable. (Matter of Oystermen’s Dock Co. v. Downing, 258 N. Y. 156.) Further, in this court’s opinion, the condition of erecting the party wall and the performance of the other construction work was not waived by the village, but it is clear that from the village’s own conduct in the matter, the time for the performance of said condition was indefinitely suspended and postponed.
*948 In the performance of its undertakings, a municipality shoulh be held to the same accountability as would one of its citizens and it should be governed by the same rules of common honesty and fair dealing which are binding on all individuals. Under all of the circumstances appearing herein, justice and equity require that this court should now direct and it does direct the execution and delivery of the deed (heretofore authorized and ordered by the village board) which shall convey to the petitioners the fee to the subject portion of the aforesaid garage and premises thereof but subject to and on a condition subsequent, to wit: that within one year from the date of.said conveyance, the petitioners herein, as grantees, shall, at their own expense, satisfactorily erect the aforesaid 12-inch party wall and complete such other construction as may be necessary to make the said garage jointly usable by the village and said grantees, and upon the breach of said condition, the village, as grantor, shall have the right to and may re-enter the premises and terminate the estate conveyed to the grantees.
The foregoing shall constitute the decision of this court, pursuant to section 440 of the Civil Practice Act.
Settle final order on notice. No costs are allowed.