Charles E. Shaffer, Esq. Village Attorney, Seneca Falls
We acknowledge receipt of your letter in which you state:
 "The Mayor of a Village which has adopted the four year term of office for Mayor and for all Trustees by resolution and permissive referendum in accord with § 3-302 (5) (a) of the Village law made a motion to reduce to two years the term of office of Mayor and of all Trustees in accord with § 3-302 (5) (b) of the Village Law which motion was not carried."
You ask:
 "What recourse, if any, do the qualified electors of such Village have to petition that this issue be submitted to them for their approval or disapproval."
A referendum can only be conducted by a municipality when some constitutional or statutory grant of power to hold a referendum is found. In this regard, our Court of Appeals has said: "Government by representation is still the rule. Direct action by the people is the exception." (Mills v Sweeney, 219 N.Y. 213 [1916]; Browne v City of NewYork 241 N.Y. 96 [1925]; Matter of McCabe v Voorhis, 243 N.Y. 401
[1926]; Elkind v City of New Rochelle, 5 Misc.2d 296 [1957], unanimously affirmed 4 A.D.2d 761, unanimously affirmed 5 N.Y.2d 838).
Thus, we must first find either constitutional or statutory authority for a municipality to conduct a public referendum on any subject whatsoever and, in the absence of the same, it may not do so. We find no such constitutional or statutory authority for village voters to initiate legislation to change the terms of office of the village mayor and/or trustees.
In our opinion, it is not within the power of the voters of a village to initiate village legislation to reduce the terms of office of the village mayor and/or trustees from four years to two years.