Hon. Edwin J. Kuzdale County Attorney, Chautauqua County
This is in reply to your letter of May 17, 1979, in which you seek this office's opinion as to the validity of a proposed resolution related to citizen initiative. You state that "The resolution, designated as Resolution No. 101-79, if adopted, would permit a specified number (100) of electors to introduce a resolution in the County Legislature to be acted upon within 60 days."
The Chautauqua County Charter section 2.05 states the powers and duties of the County Legislature as follows:
"Section 2.05 Powers and Duties
 "Except as otherwise provided in this Charter, the County Legislature shall have and exercise all such powers and duties conferred on County Legislatures in the State of New York by applicable law, and all powers necessarily incidental thereto.
 "In addition to any other powers conferred upon the County Legislature by this Charter and by any other applicable law the County Legislature shall have, but not by way of limitation, the following powers and duties:
 "(a) To adopt by resolution all necessary rules and regulations for its conduct and procedures by majority of the whole number of its membership.
 "(b) To make appropriations, incur indebtedness, adopt the budget, and levy taxes.
 "(c) To exercise all powers of local legislation in relation to enacting, amending or rescinding local laws, charter laws, legalizing acts or resolutions."
It would be violative of the legislative authorization to delegate a responsibility granted pursuant to section 205 (c). This is particularly true when the proposed resolution forbids tabling for over 60 days. The power to legislate, by necessity, includes not only the power to vote on issues, but in addition the power to propose, amend or refuse to act. InMatter of McCabe v Voorhis, 243 N.Y. 401 the Court said:
 "Direct legislation in cities must always rest on some constitutional or statutory grant of power. Government by representation is still the rule. Direct action by the people is the exception."
A review of the statutory authorizations dispensed by the Legislature of the State of New York to municipalities reveals no delegation to a county or to a segment of its electorate similar to that which is proposed. It is clear that without statutory authorization, no proposition may be submitted to an advisory or binding referendum. Mills v Sweeney,219 N.Y. 213; Matter of McCabe v Voorhis (supra); Elkind v City of NewRochelle, 5 Misc.2d 296; 1967 Op Atty Gen 156; 1971 Op Atty Gen 139; 1974 Op Atty Gen 168.
A County Legislature in the State of New York may assign administrative powers under proper standards but not legislative powers unless same is specifically authorized (see, People v Kearse, 56 Misc.2d 586 and Matterof Thomas v Board of Standards, 263 App. Div. 352).
It is the opinion of this office that, absent any specific State Legislative authorization, the County Legislature may not, by resolution, grant to a segment of the electorate the general power to initiate legislation.