Richard W. Youngman, Esq. Town Attorney, Lyons
You request our opinion whether one or more members of a town board may conduct an informal poll of constituents to determine the feeling of the community concerning an issue upon which the town board is considering its action.
This office has issued opinions over the years that a municipality may conduct a referendum only if there is some constitutional or statutory grant of power to hold the referendum. The following are some of those informal opinions:
 1961 Op Atty Gen 95 1962 Op Atty Gen 78 1962 Op Atty Gen 280 1965 Op Atty Gen 123 1966 Op Atty Gen 175 1967 Op Atty Gen 156 1969 Op Atty Gen 104 1970 Op Atty Gen 74 1974 Op Atty Gen 91 1974 Op Atty Gen 168 1978 Op Atty Gen 287 1979 Op Atty Gen 253
Court opinions are to the same effect, that government by representation is still the rule and direct action by the people is the exception. See,
for instance, Mills v Sweeney, 219 N.Y. 213 (1916); Browne v City of NewYork, 241 N.Y. 96 (1925); Matter of McCabe v Voorhis, 243 N.Y. 401
(1926); Elkind v City of New Rochelle, 5 Misc.2d 296 (Sup Ct, Westchester Co, 1957), unanimously affd 4 A.D.2d 761, unanimously affd 5 N.Y.2d 838.
Local legislative bodies are elected to make decisions on issues that come before the body. Members usually take soundings from constituents to determine the sense of the community on issues. This alone certainly is not a delegation of duties or an abdication of responsibilities. If one or more members try to organize the gathering of such information by obtaining an informal vote from their constituents, so long as no public money is expended, no municipal employees or officers assist during their working hours or are required to participate at other times, and no public property is used in taking the sampling of opinion, we discern no illegality so long as the poll results are not the controlling criterion for a member's determination of his position.