*468 OPINION OF THE COURT
Anthony F. Shaheen, J.
This verified CPLR article 78 petition and complaint seek to annul and vacate Utica City Code § 2-29-123 (6) (a) (i), which requires a “three-fourths” vote of the Common Council to amend the City of Utica Zoning Ordinance when there is an adverse recommendation to the proposed amendment by the Planning Board, and also to compel the Common Council to enact an amendment to its Zoning Ordinance based on its 6-3 vote in favor of said amendment.
Parties:
Plaintiff-petitioner Benderson Development Company, Inc. is a privately owned development company which owns property at 1163 Mohawk Street, Utica. Benderson also owns an option to purchase a parcel of land at the northeast corner of Mohawk Street and Eagle Street (the site) which is part of an existing commercial plaza.
Defendant-respondent City of Utica is a municipal corporation.
Defendant-respondent Common Council of the City of Utica is the chief legislative body of the City of Utica.
Defendant-respondent City Planning Board of the City of Utica is an administrative board responsible for reviewing city plan applications and making recommendations to the Common Council whether to approve amendments to the City of Utica’s Zoning Ordinance.
Defendant-respondent Timothy J. Julian is the Mayor of the City of Utica.
Defendants-respondents Chris Vescera, Fred Priore and Angela Priore Thurlow each own property which is subject to the zoning amendment at issue and Kessel Brent owns property adjacent to the parcels which are subject to the zoning amendment. No relief is sought against them except as to the extent that their interests may be impacted by this proceeding. Underlying Uncontested Facts:
Benderson seeks to construct a new Eckerd’s drug store with drive-thru lanes on the site, which is located in a commercial area, but straddles three other zoning districts; namely, “neighborhood-commercial” district, “community-commercial” district, and a “two-family residential — low density” district. In order to develop a new Eckerd’s drug store on this site, the entire site would require classification as “community- *469 commercial” zoning. The site requires a change in zoning before the City Planning Board can commence a site plan review of Benderson’s proposed development. On September 17, 2003 Benderson submitted an application to the City Planning Board seeking preliminary site plan review of the proposed development. The City Planning Board held public hearings regarding a zoning amendment for the proposed development on January 5, 2004, February 2, 2004 and March 1, 2004. By resolution dated March 1, 2004 and signed on March 9, 2004, the Planning Board made a detailed recommendation that the requested zoning amendment be denied by the Common Council. Thereafter, on April 7, 2004 the Common Council of the City of Utica held a meeting and public hearing, and voted 6-3 in favor of the zoning amendment. Nevertheless, the Common Council treated the motion as “defeated” and refused to adopt an ordinance enacting the zoning amendment, based on Utica City Code § 2-29-123 (6) (a) (i), the so-called “three-fourths” provision, which requires a three-fourths vote, rather than a simple majority vote, to pass a zoning amendment whenever the Planning Board issues an adverse recommendation regarding that amendment. This Article 78 Petition/Complaint:
Benderson now alleges that the “three-fourths” provision of Utica City Code § 2-29-123 (6) (a) (i) is invalid as a matter of law because it directly conflicts and is inconsistent with General City Law § 83 (2), which states that an amendment to a zoning law “shall be effected by a simple majority vote of the council” except if there has been a written protest signed by the owners of 20% or more of the area involved or adjacent thereto (which does not apply to this case). Benderson asserts that General City Law § 83 is a general state law which preempts any local provisions governing the same subject matter. Benderson further alleges that the City of Utica’s “three-fourths” provision also improperly delegates the Common Council’s approval power to the Planning Board by giving the Planning Board authority to require a three-fourths vote, rather than a simple majority vote, in order for the Council to amend the Zoning Ordinance. Under this “three-fourths” provision, the Planning Board has veto power and the equivalent of two votes on the Common Council because it can require seven votes rather than five votes of the Common Council to effect a zoning amendment. Bender-son asserts that it fully cooperated with the City Planning Board in seeking a zoning amendment for this project, held several public hearings and submitted a revised traffic study as *470 requested. The Common Council agreed with Benderson by a vote of 6-3 to change the zoning at this site to permit this project to proceed; however, it was solely the Common Council’s reliance on Utica City Code § 2-29-123 (6) (a) (i) which prevented them from making the zoning amendment which the majority agreed to do.
Based on these uncontested facts, Benderson seeks declaratory judgment that Utica City Code § 2-29-123 (6) (a) (i) (the so-called “three-fourths” provision) is invalid, null and void; declaratory judgment that the zoning amendment has been validly approved in accordance with General City Law § 83; article 78 relief, compelling the City of Utica defendants-respondents to adopt an ordinance amending the Zoning Ordinance in accordance with the Common Council’s 6-3 vote and take all ministerial steps necessary to effectuate the zoning amendment; and attorney’s fees, costs and disbursements of this proceeding.
Defendants-respondents Kessel Brent Corporation and Chris Vescera join Benderson’s request for relief. The Common Council opposes this petition-complaint by attorney’s affirmation, stating that the Common Council acted according to its rules and regulations and in conformity with the Utica City Charter and Utica City Code, and that the Common Council stands ready, willing and able to abide by all orders, directives and conditions of the court. The City of Utica defendants-respondents (collectively the City of Utica, the City Planning Board of the City of Utica, and Timothy J. Julian, in his capacity as Mayor of the City of Utica) ask this court to dismiss the petition and complaint, and enter judgment declaring Utica City Code § 2-29-123 (6) (a) (i) legal and valid, and awarding attorney’s fees, costs and disbursements to the City. Specifically, the City of Utica defendants-respondents assert that Municipal Home Rule Law § 10 grants local municipalities the power to adopt and amend local laws relating to property, including zoning laws, and that General City Law § 83 merely sets the minimum standard which would control if the City of Utica did not have a local law speaking to this issue. The City of Utica defendants-respondents further deny that the “three-fourths” provision improperly delegates authority from the Common Council to the Planning Board, since planning boards are the backbone of a community’s development and are themselves empowered under General City Law and local laws to assist in that development. Finally, the City of Utica defendants- *471 respondents deny that Benderson is entitled to mandamus relief even if this court were to invalidate the “three-fourths” provision of the City Code, since the decision to approve or defeat a zoning change is a legislative act which should be remanded to the Planning Board for further review.
The facts herein are undisputed. The issue before this court involves the legal question of the validity of Utica City Code § 2-29-123 (6) (a) (i), which requires a three-fourths vote of the Common Council to amend the City of Utica Zoning Ordinance when there is adverse recommendation to the proposed amendment by the Planning Board. This court has spent considerable time reviewing the various submissions of the parties, including the videotape of the public hearing, and conducting its own research, including the legislative history and Bill Jackets of the statutes in question, as well as reviewing zoning ordinances from other cities within New York State. After due deliberation, the court answers the sole legal question before it in the negative, finding that the so-called “three-fourths” or “super-majority” provision of Utica City Code § 2-29-123 (6) (a) (i) is invalid, null and void.
The power of a city to adopt a zoning ordinance derives from General City Law § 20 (24) and (25), which provide inter alia that every city is empowered to regulate buildings, trades and industries, and to divide the city into districts. A city’s power to amend that zoning ordinance is found in General City Law § 83, which prescribes the statewide method and procedure established by the Legislature by which all cities may validly amend a zoning ordinance (see Elkind v City of New Rochelle, 5 Misc 2d 296, 300-301 [Sup Ct, Westchester County 1957], affd 4 AD2d 761 [2d Dept 1957], lv denied 4 NY2d 902 [1958], affd 5 NY2d 836 [1958]). Prior to 1990, and as far back as 1927, General City Law § 83 provided for a so-called “three-fourths” or “super-majority” vote to amend zoning ordinances only when a percentage of nearby property owners filed a protest. In fact, section 83 was amended in 1927 to reduce the required vote from “unanimous” to “three fourths” when such a protest is filed (see Bill Jacket, L 1927, ch 504). Thereafter, several other changes were made to section 83, but none of them involved the number of votes required to amend a zoning ordinance (see L 1931, ch 331; L 1952, ch 579; L 1955, ch 767). In 1990, General City Law § 83 was again amended “[t]o remedy a scrivener’s error and to restore the original legislative intent” of General City Law § 83 and its companion statutes Town Law § 265 and *472 Village Law § 7-708 (see Mem of Support, Bill Jacket, L 1990, ch 606). Specifically, the Legislature clarified the classifications of property owners eligible to file a formal protest to a proposed change in a zoning ordinance (and thereby trigger the requirement of a “three-fourths” vote of the Common Council); and in the process of clarifying section 83, the Legislature specifically stated what had been unstated in section 83 up to that time; namely, that absent a formal protest by three distinct classes of property owners, an amendment to a zoning ordinance “shall be effected by a simple majority vote of the council” (General City Law § 83 [2]). This is the same voting requirement for passage of any local law (see Municipal Home Rule Law § 20). There is absolutely nothing in the Bill Jacket or supporting memoranda to suggest that the requirement of “a simple majority vote” to change a zoning ordinance is a new concept to section 83 (see Bill Jacket, L 1990, ch 606). It appears to be merely a codification of prior practice.
While cities are authorized to adopt, amend and repeal zoning regulations, their power is not unfettered. The statutory and constitutional scheme authorizes cities to adopt zoning resolutions only insofar as they are consistent with the State Constitution and state statutes; and local zoning laws which conflict with state statutes are preempted (see DJL Rest. Corp. v City of New York, 96 NY2d 91, 94-95 [2001]). General City Law § 83 specifies the manner in which a city may exercise its power to amend its zoning ordinance and such amendments must be in compliance with that statute (Rohlman v City of Yonkers, 275 App Div 842 [2d Dept 1949], lv denied 275 App Div 944 [2d Dept 1949]). “Where the state has demonstrated its intent to preempt an entire field and thereby preclude any further local regulation, local laws regulating the same subject matter will be deemed inconsistent and will not be given effect” (Matter of City of New York v Town of Blooming Grove Zoning Bd. of Appeals, 305 AD2d 673, 674 [2d Dept 2003], lv dismissed 100 NY2d 614 [2003]). The State of New York has clearly stated since 1927 that the only time a “three-fourths” vote of the Common Council is required to effect a change in a city’s zoning ordinance is when there has been a protest filed by a percentage of nearby property owners. It appears to this court that the State Legislature has demonstrated its intention to preclude any further local regulation in this regard. Moreover, a review of similar zoning regulations in the City of Syracuse (Syracuse City Charter § 5-1304), City of Oswego (Oswego City Ordinances *473 § 123.19), and City of Peekskill (City of Peekskill Zoning Ordinance § 300-56) reveals compliance with General City Law § 83 (see Patricia E. Salkin, 3 New York Zoning Law and Practice §§ 39:01, 39:02 [4th ed 2001]).
Subsequent to oral argument, the defendants-respondents submitted to this court a resolution of the Common Council, the Mayor’s veto of that resolution, and a resolution of the Common Council to override the Mayor’s veto, all concerning whether the Common Council members voted their conscience on Henderson’s request for a zoning amendment. There is nothing in General City Law § 83 which places such a condition on the Common Council’s power to enact amendments to the Zoning Ordinance, and as such the motives of the Common Council are not subject to review by this court (see Homefield Assn. of Yonkers v Frank, 273 App Div 788 [2d Dept 1947], affd 298 NY 524 [1948]).
For the reasons stated, this court grants Henderson’s article 78 petition and issues a declaratory judgment declaring invalid, null and void Utica City Code § 2-29-123 (6) (a) (i), which requires a “three-fourths” vote of the Common Council to amend the City of Utica Zoning Ordinance when there is an adverse recommendation by the Planning Board. Since General City Law § 83 only requires a simple majority vote of the Common Council for such an amendment, their 6-3 vote on April 7, 2004 in favor of amending the Zoning Ordinance was legal, valid and effective, and the City of Utica defendants-respondents are directed to take all ministerial steps necessary to effectuate this zoning amendment. No costs or attorney’s fees are awarded.