Frederick R. Westphal Informal Opinion County Attorney No. 2007-5 Cayuga County 160 Genesee Street 6th Floor Auburn, New York 13021
Dear Mr. Westphal:
You have requested an opinion regarding whether the County may require that certain resolutions be adopted by a super-majority vote. You have advised that the County Legislature has in the past required approval by two-thirds of the Legislature for certain types of resolutions: resolutions authorizing certain expenditures when the County has adopted an austerity spending plan, resolutions authorizing filling positions of employment with the County when the County has restricted the hiring of County personnel, and resolutions authorizing the transfer or expenditure of money from the County's contingent fund. You have asked the general question of whether the County has the authority to impose such super-majority requirements for the enactment of resolutions of a particular type. As explained below, we are of the opinion that the County has the authority to impose such requirements by local law, but such a local law would then be subject to a mandatory referendum.[1] *Page 2 
Analysis
Section 153 of the County Law governs the rules of procedure of a county board of supervisors.[2] Of particular relevance here, it provides that
 [w]henever in this chapter or other general, special or local law, the board of supervisors is authorized or required to act, and no proportion of the voting strength for such action is otherwise prescribed, such action shall be taken by the affirmative vote of a majority of the total membership of the board.
County Law § 153(4). You have asked whether the County may alter the voting strength necessary to pass certain types of resolutions.
One possible source of authority for the County to require a super-majority to pass certain types of resolutions is County Law §153(8), which provides that, "[e]xcept as otherwise expressly provided, the board of supervisors of each county shall determine the rules of its own proceedings." County Law § 153(8). We believe, however, that this section does not provide the necessary authority. This section permits a legislative body to determine the number of votes required for intra-cameral matters such as selecting a vice-chairman, appointing council members to council committees, and adopting council rules.See Morris v. Cashmore, 253 A.D. 657 (1st Dep't),aff'd no opn., 278 N.Y. 730 (1938) (General Construction Law § 41, which requires public entities to act by a majority of the whole and not by majority of a quorum, does not restrict rule-making as to intra-cameral matters). But this provision does not authorize changing the number of votes required to adopt legislative acts.
In Op. Att'y Gen. (Inf.) No. 2001-6, we concluded, followingMorris, that the authority of a body to establish general rules of procedure does not authorize changing voting requirements for matters other than intra-cameral matters. In that opinion, the issue was whether the city council could reduce the number of *Page 3 
votes required to pass a resolution; we concluded that its general housekeeping authority did not authorize the city to permit a number less than a majority of the whole council to adopt non-tax resolutions.
Similarly, here we are of the opinion that the authority to determine general rules of procedure does not authorize increasing the number of votes required to pass a resolution. As the Court of Appeals stated inBurroughs v. Brinkerhoff, 68 N.Y. 259 (1877):
 The Revised Statutes declare that a majority of the supervisors of any county shall constitute a quorum for the transaction of business; and all questions which shall arise at their meetings shall be determined by the voice of a majority of the supervisors present. No rule of the board could alter this. It could be changed by law only.
68 N.Y.2d at 262-63.
We believe, however, that the County's home rule authority permits it to enact a local law that requires a super-majority to pass certain types of resolutions.[3] The powers of a county legislature, except as otherwise expressly provided, may be exercised by either local law or resolution. County Law § 153(1). While both resolutions and local laws are legislative acts, the adoption of local laws requires compliance with procedures that passage of resolutions does not. See Reese v.Lombard, 47 A.D.2d 327, 330 (4th Dep't 1975) (a local law is a more formal legislative act than a resolution); see alsogenerally Municipal Home Rule Law article 3 (procedure for adoption of local laws); cf. Memorandum of the Uniform County Law Commission,reprinted in Bill Jacket for ch. 691 (1950), at 9 ("The [County L]aw is designed that measures dealing with the permanent structure of county government must be passed by local law and temporary measures by resolution.").
[1] You have not asked, and we offer no opinion as to, whether the particular types of resolutions underlying your inquiry may be the subject of such a local law, or whether they are, for example, preempted by or inconsistent with relevant state law.
[2] The powers and duties granted a county board of supervisors may be exercised by an elective county legislative body designated by another name. County Law § 150-a. You have advised that in Cayuga County, the legislative body is denominated the County Legislature.
[3] A local government's authority to increase the number of votes necessary to pass particular types of resolutions may be preempted by state law. See, e.g., Matter of Benderson Dev. Co., Inc. v. City ofUtica, 5 Misc. 3d 467 (Sup.Ct. Oneida County 2004) (city code provision requiring three-fourths vote of the common council to pass a zoning amendment when the city planning board issued an adverse recommendation regarding the amendment was preempted by state law). *Page 1